IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 06-000183-01-CR-W-NKL |
| BRANDON A. McAFEE, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION
### TO ACCEPT DEFENDANT'S GUILTY PLEA

On September 21, 2006, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### *I. BACKGROUND*

On September 21, 2006, an one-count information was filed, charging Defendant with one count being an unlawful user of cocaine in possession of a firearm, in violation of Title 18, United States Code, §§ 922(g)(3) and 924(a)(2). An order of interliniation was issued that same day, amending the controlled substance referred to in the information to marijuana instead of cocaine (Doc. No. 25). Defendant waived the indictment and entered a guilty plea to the information on September 21, 2006. Defendant was present, represented by appointed counsel Laine Cardarella. The government was represented by Assistant United States Attorney Mike Warner. The proceedings were recorded and a transcript of the hearing was filed on September 22, 2006.

### *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by

the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the

key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 23-24).

2. On September 21, 2006, an information was filed charging Defendant McAfee with being an unlawful user of marijuana in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2) (Tr. at 7-8). The court read the charge against Defendant and Defendant indicated that he understood the nature of this charge (Tr. at 7-8).

3. The statutory penalty for the offense charged in the information is not more than ten years in prison, a fine of up to $250,000, a supervised release term of not more than three years, plus a $100 mandatory special assessment fee (Tr. at 8). Defendant was informed of the penalty range and indicated that he understood (Tr. at 8).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that

their verdict must be unanimous (Tr. at 8-9);

      b.      That he has the right to assistance of counsel throughout the trial (Tr. at 9-10);

      c.      That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 10-11);

      d.      That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at11);

      e.      That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 11-12);

      f.      That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 12); and

      g.      That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 13).

5.      Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 13-14).

6.      Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 14). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 14). Defendant stated that he understood (Tr. at 14).

7.      Government counsel has disclosed the government's file to defense counsel in its

4

entirety (Tr. at 14-15). If this case were to be tried, the government's evidence would be that on March 3, 2006, the police went to Defendant's house at 5201 East 30th Street, Kansas City, Missouri, to arrest Defendant's friend for armed robbery (Tr. at 15). Defendant lived at 5201 East 30th Street with his mother and other relatives; his friend was just staying there (Tr. at 15-16). Police were given consent to enter the house to arrest or find Defendant's friend (Tr. at 16). Pursuant to a protective sweep of the house, police examined a cabinet or closet area in Defendant's bedroom (Tr. at 16). In conjunction with numerous personal items connected with Defendant, including controlled substances, police recovered a handgun from a coat (Tr. at 16). The gun was visibly sticking out of the coat's pocket (Tr. at 16). Forensic testing revealed Defendant's DNA was on the gun (Tr. at 16). The gun, specifically a Smith & Wesson .357 Magnum revolver with a serial number of CCP4872, was manufactured outside the state of Missouri and had previously been transported in interstate commerce (Tr. at 16). The government's evidence would also show through numerous violation reports leading up to and near or about the time of March 3, 2006, that Defendant was a habitual user of marijuana (Tr. at 16).

10. Defense counsel stated that she had reviewed the government's file and confirmed from her own independent investigation that it was wise for her client to plead guilty (Tr. at 14-15). She disagreed with Mr. Warner's statement that Defendant was connected to the controlled substances found in his closet area, but understood the government would have tried to argue such an inference if the case had gone to trial (Tr. at 17).

9. Defendant was placed under oath (Tr. at 15) and admitted that on March 3, 2006, at which time he was an unlawful user of marijuana, he possessed a Smith & Wesson .357 Magnum revolver, serial number CCP4872 (Tr. at 18, 19). He had placed the gun in the pocket of the coat

5

found at his mother's house (Tr. at 19). Defendant knew that both using marijuana and possessing a firearm were not lawful acts (Tr. at 18). Defendant did not have any reason to dispute that the government could establish that the firearm had been transported in interstate commerce (Tr. at 18).

10. There is no written plea agreement in this case (Tr. at 19). Instead, the parties have an oral agreement that, in exchange for Defendant's waiver of indictment and plea to the instant information, the government will dismiss the pending indictment at sentencing (Tr. at 19-20).

11. No one has made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 20).

12. Defendant is satisfied with the representation he has received from Ms. Cardarella (Tr. at 20). There is nothing she has done that Defendant did not want her to do, and there is nothing he wanted her to do that she has not done (Tr. at 21).

13. Defendant is 20 years old and has an eleventh grade education (Tr. at 21). He did not have any difficulty understanding court proceedings and was able to read and comprehend all written materials (Tr. at 21). He has no mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to this charge (Tr. at 22). Defendant was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 22).

14. Defendant tendered a plea of guilty to the crime charged in the information (Tr. at 23).

15. The parties waived the ten-day objection period to the Report and Recommendation (Tr. at 23).

### *V. ELEMENTS OF THE CHARGED OFFENSE*

The elements necessary to sustain a conviction for being an unlawful drug user in possession

of a firearm are that (1) the defendant was an "unlawful user" or addicted to a controlled substance, (2) during the time he possessed a firearm.  United States v. McIntosh, 23 F.3d 1454, 1458 (8th Cir. 1994).

### V.  CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in the information.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 25, 2006